IN THE MATTER OF JAMES J. DEL MAURO, AN ATTORNEY AT LAW.

Argued February 18, 1975—Decided June 10, 1975.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. Thomas P. Ford, Jr.* argued the cause for respondent.

PER CURIAM. The Essex County Ethics Committee has filed a presentment against respondent resting upon criminal charges brought against him in the United States District Court for the District of New Jersey. Some of the factual background of respondent's difficulties appears in our earlier opinion, *In the Matter of Del Mauro,* 57 N. J. 317 (1971). As is there set forth, respondent as a Municipal

Court Judge, was authorized to perform marriage ceremonies. He was not, however, at liberty to exact or receive a fee for any such service. Nevertheless, in flagrant disregard of a Court Directive prohibiting such practice, respondent continued over a considerable period of time to receive such fees in varying amounts. Ethics proceedings were instituted against him and on December 8, 1969 he resigned his judgeship. He was thereafter by order of this Court suspended from the practice of law for a period of one year because of this misconduct. His reinstatement was granted February 15, 1972. 60 *N. J.* 607.

Thereafter on October 2, 1972 respondent was indicted in the Federal Court for having allegedly filed false and fraudulent Federal income tax returns for the years 1967 and 1968 in violation of 26 *U. S. C.* § 7206(1). More particularly he was charged with having failed, in each of these two calendar years, to file returns which properly and accurately reflected the total amount of income he had received as fees for performing marriages. He entered a plea of guilty to the charge with respect to the year 1967, whereupon the charge with respect to the year 1968 was dismissed. On July 26, 1974 he was sentenced to pay a fine of $5,000 and to undergo a custodial sentence of two years in jail. The judgment further provided, however, that he be actually confined in prison for only four months and that the remainder of the term be suspended and he be placed on probation for a period of three years. We are told that the fine has been paid and the jail sentence served.

At oral argument it was suggested, on respondent's behalf, that at the time of his earlier suspension this Court had been aware of the false income tax returns and that accordingly the punishment he then received was intended as chastisement both for his having received fees for performing marriages and also for his dereliction with respect to his Federal income tax liability. The record does not sustain this argument. It is true that when this case was formerly before the Court income tax returns for the years in question

were before us for our consideration but only as constituting an acknowledgment by respondent that he had in fact received fees for performing marriages — the only offense with which he was then charged. It would have been highly improper for this Court to have rendered an opinion containing any implication as to the possible falsity of these figures, in the then absence of any challenge to their accuracy or of any evidence justifying our making such a judgment. We in fact made no such determination. The sequence of events corroborates this beyond question. As indicated above, our earlier opinion was filed January 25, 1971, respondent was reinstated February 15, 1972 and the Federal Court indictments were not handed down until October 2, 1972. Until now no penalty has been imposed upon respondent for his *ethical* misconduct in filing false tax returns. Specifically we find this conduct to have been in violation of *DR* 1–102(A)(4).

The question of punishment, as usual, is difficult. Respondent's conduct of course requires discipline. It is true, however, that he has suffered much. He was compelled to resign his judgeship under a cloud of obloquy. Thereafter he was suspended from the practice of law for one year and later required to pay a substantial fine and to undergo a custodial prison sentence. It is impossible, as it would be wrong, not to take account of these successive instances of manifest personal disgrace and hardship with their undoubted effect upon the respondent. We have concluded that in these peculiar circumstances punishment for the derelictions now before this Court should be limited to a suspension of three months from the practice of law. It is so ordered.

*For suspension for three months*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge CONFORD—6.

*Opposed*—None.

## O R D E R

It is ordered that James J. Del Mauro of Newark be suspended from the practice of law for three months and until further order of the Court, effective June 23, 1975; and it is further

Ordered that James J. Del Mauro be and hereby is restrained and enjoined from practicing law during the period of his suspension.